Lewis RUSNAK, Former State College Police Department Sargeant, now in forced retirement, Appellant,

v.

Elwood WILLIAMS, Former Chief of Police State College Police Department, both in his former official capacity and individually; Tom King, Chief of State College Police Department, in his official capacity only; Dewey Musser, Sgt. of the State College Police Department, both in his official capacity and individually; Thomas Jordan, Detective of the State College Police Department, both in his official capacity and individually; Dana Leonard, Sgt. of the State College Police Department, both in his official capacity and individually;

Thomas Hart, Lt. of the State College Police Department, both in his official capacity and individually; Jack S. Orndorf, Lt., Formerly of the State College Police Department, both in his former official capacity and individually; Diane Conrad, Lt., of the State College Police Department, both in her official capacity and individually; Robert E. Swisher, Sgt., Former Sgt. in the State College Police Department, now retired, in his previous official capacity and individually; Fred Dailey, Cpl. in the State College Police Department, both in his official capacity and individually.

No. 02–1257.

United States Court of Appeals, Third Circuit.

Submitted July 18, 2002.

Decided Aug. 2, 2002.

Before MCKEE, FUENTES, and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

FUENTES, Circuit Judge.

Defendant, Lewis Rusnak, appeals the District Court's grant of summary judgment dismissing his complaint. Rusnak's primary claim is that he was constructively discharged, without notice or a hearing, in violation of his constitutional rights. He claims that he was forced to retire due to a series of rumors spread by the defendants, implying that he was involved in a murder and other criminal acts.

Because we agree with the District Court that Rusnak was not constructively discharged but rather retired voluntarily, and that no triable issue of fact remains, we will affirm.

I.

Since we write for the parties, we provide only a brief summary of the facts and allegations. The plaintiff Lewis Rusnak ("Rusnak"), began working for the State College Police Department ("SCPD"), in November 1970. He achieved the rank of Sergeant, a rank which he held at the time of his retirement, and during the periods of criminal investigation referenced below.

On Thursday, March 5, 1987, Dana Bailey was murdered in State College, Pennsylvania. Rusnak was out sick that day and had last worked on Monday, March 2, 1987. No charges were ever filed, at any time, against any person relating to this murder. The investigation remains open, and has at all times been assigned to one of the defendants, Detective Thomas Jordan.

In March, 1989, Dana Bailey's father received an anonymous letter signed "Concerned Officers", implicating Rusnak in Dana's murder. As a result, the Attorney General's office conducted an investigation into the allegation. Rusnak cooperated fully with the investigation, which found no evidence to support the allegation against Rusnak.

Rusnak claims this event started a series of consistent rumors of his involvement in criminal activity that lasted from 1987 to the Spring of 1998. Examples of the rumors offered in Rusnak's affidavit are:

- In 1990, I walked into the lounge and saw Det. Jordan talking to about 6 officers. This is what I overheard. Just because a person is investigated and not charged does not mean they didn't do it, it means that they could not prove that he did it. Det. Jordan then looked around the six other present and said to me, "Isn't that right Lou?"

- In the early '90's, [officers] Musser and Jordan would schedule their vacations for Ocean City immediately after mine.
- The rumor was that the crime rate in Ocean City went up when I was on vacation. I walked up on ... Defendants [Musser and Jordan] and heard them discussing taking certain police radios and the charger with them on vacation
- Sgt. Swisher in the early and mid-nineties directed the officers on his to respond to my apartment should any prowler be reported in this area

Plaintiff's Br. at 11–12.

Rusnak also claims that defendants conspired to implicate him in two sexual assault cases that occurred in 1995 and in a series of dumpster fires set in the State College area in 1998. Rusnak never filed a grievance with the SCPD because, according to Rusnak, he felt he could not get a fair opportunity to be heard. For instance, Rusnak complains his supervisors knew of these rumors and failed to discipline any officers alleged to be spreading them. Rusnak contends this inaction was part of a conspiracy to allow these rumors to persist and force Rusnak into retirement.

In the course of discovery, Rusnak admitted that his eventual retirement was a matter long contemplated and was determined more than three years before he actually quit. Rusnak testified that "for some period of time well before 1998 I had desired to retire as soon as it would be financially possible." App. at 134. After 28 years of service Rusnak retired one month before his 62nd birthday. Rusnak selected the date of his retirement, was not denied any promotion in rank and was not subject to any employment reprimand or disciplinary action. In addition he always retained the right of continued employment at his rank and pay. Affidavit of Chief King; App. 55, 57.

## II.

Rusnak filed the instant claim on September 29, 2000, in the District Court for the Middle District of Pennsylvania. Rusnak's complaint charged ten officers, current and retired, in both their individual and official capacities. In his complaint, Rusnak claimed that although he chose the date of his retirement, the consistent rumors of misconduct and the failure of his superiors to address these rumors actually worked a constructive discharge, thereby forcing him to retire from the SCPD. Rusnak asserts that, since he was forced to retire, his resignation was not voluntary and, therefore, the Department's failure to give him notice and a hearing violated his constitutional rights. Among the alleged conspirators are high-ranking officers, named for their asserted role in failing to reprimand officers claimed to have started the rumors, and consequently, furthering the plan to force Rusnak into retirement.

On June 15, 2001, the defendants filed for summary judgment. On December 21, 2001, the District Court granted the defendants' summary judgment motion, concluding, among other things, that a plaintiff who voluntarily retires cannot assert a due process claim, pursuant to this Court's holding in *Leheny v. City of Pittsburgh*, 183 F.3d 220 (3d Cir.1999). The District Court noted that "Plaintiff has not adduced evidence from which a reasonable jury could conclude that he was constructively discharged." The court concluded that "because no constructive discharge occurred, Defendants did not deprive Plaintiff of a liberty due process interest." *See, Rusnak v. Williams* et al., Civil No. 4:CV–00–1741 at 12. Accordingly, the

Court determined that since no triable issue of fact remained in the case, defendants were entitled to summary judgment.

## III.

Procedural due process claims, to be valid, must allege state sponsored-deprivation of a protected interest in life, liberty or property. *See Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). If such an interest has been or will be deprived, procedural due process requires that the governmental unit provide the individual with notice and a reasonable opportunity to be heard. *Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 680 (3d Cir.1991) (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985)). The Supreme Court has determined that a public employee has a protected property interest in their continued employment by the government. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 547–548, 105 S.Ct. 1487, 84 L.Ed.2d 494.

The central issue presented for adjudication is whether Rusnak retired voluntarily or whether he was constructively discharged. *See Id.* at 545–546. We addressed this question in *Leheny v. City of Pittsburgh*, 183 F.3d 220 (3d Cir.1999) stating:

> Employee resignations and retirements are presumed to be voluntary. This presumption remains intact until the employee presents evidence to establish that the resignation or retirement was involuntarily procured. If an employee retires of his own free will, even though prompted to do so by some action of his employer, he is deemed to have relinquished his property interest in his continued employment for the government, and cannot contend that he was deprived of his due process rights.

183 F.3d at 227–228 [internal citations omitted]. Plaintiff proffers that the constant rumors regarding his alleged criminal activities drove him into retirement. Therefore, his retirement was involuntarily procured and constituted a constructive discharge. In determining whether a resignation or retirement was voluntary, this Court also stated in *Leheny*, that "[t]here appear to be two circumstances in which an employee's resignation or retirement will be deemed involuntary for due process purposes: (1) when the employer forces the resignation or retirement by coercion or duress, or (2) when the employer obtains the resignation or retirement by deceiving or misrepresenting a material fact to the employee." 183 F.3d at 228 (citing *Hargray [v. City of Hallandale]*, 57 F.3d [1560,] 1568 [(11th Cir.1995)]).

We focus our analysis on the determination of whether Rusnak retired voluntarily or was constructively discharged. *See Leheny*, 183 F.3d at 227. "In making this determination we examine the surrounding circumstances to test the ability of the employee to exercise free choice." *Id.* Rusnak does not allege that his retirement was procured by a misrepresentation of a material fact. Therefore, in order for Rusnak to overcome the presumption that his retirement was voluntary, he must prove that his employer forced him into retirement by coercion or duress and, thereby, abrogated his ability to exercise free choice.

Viewing the evidence in the light most favorable to Rusnak, the facts of this case demonstrate that Rusnak's retirement was neither coerced nor made under duress. First, Rusnak was not denied any promotion in rank and was not subject to any employment reprimand or disciplinary action nor was he ever threatened with such action. In addition, he always retained the right of continued employment at his rank

and pay. In fact, Rusnak stated that his eventual retirement was a matter long contemplated and had been determined more than three years before he actually quit. Rusnak Affidavit, 21; App. at 48. Finally, Rusnak chose the date of his retirement in October 1998. *See Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 167, 174 (4thCir.1988) (indicating that whether a plaintiff is permitted to select his effective date of retirement is one of the factors to be considered in determining whether retirement was voluntary).

In addition, the rumors that Rusnak alleged had forced him into retirement occurred between 1987 and the Spring of 1998. The fact that Rusnak chose to retire in October 1998, many months after the rumors had ended, also indicates an absence of duress or coercion and that Rusnak exercised free choice in his retirement decision. Furthermore, those same rumors occurred during the course of an eleven-year span and any events connected with them were few and far between. In such a situation, we agree with the District Court that the Defendants did not subject the Plaintiff to the type of constant and intolerable conditions that characterize a legitimate claim for constructive discharge. *See Rusnak,* 4:CV–00–1741 at 12.

Therefore, we agree with the District Court that there are no triable issues of material fact and the Plaintiff has not adduced evidence from which a reasonable jury could conclude that he was constructively discharged. Accordingly, we will affirm the Order of the District Court, granting Defendants' motion for summary judgment, and dismissing Rusnak's claim in full.