{¶ 38} I agree that we should affirm the judgment in favor of the university with respect to Oleksiak's reverse race discrimination claim, albeit on grounds different from those stated by the majority. The same reasoning leads me to conclude that we should also affirm the judgment in favor of the university on Oleksiak's age discrimination claim. Accordingly, I concur and dissent.
 {¶ 39} In my opinion, Oleksiak's negotiated decision to retire is not an "adverse" employment action. First, his retirement was not a constructive discharge from employment. The agreement to retire occurred fully eight months before his actual retirement date. The fact that Oleksiak continued to work for the university for such a long time after he agreed to retire strongly suggests that the working environment was not intolerable. Cf. Mauzy v. Kelly Services, Inc. 75 Ohio St.3d 578,1996-Ohio-265. Furthermore, Oleksiak's retirement was a negotiated solution, as a result of which Oleksiak received compensation to which he would not otherwise have been entitled, i.e., an additional two months' salary. Under these circumstances, his retirement cannot be viewed as forced or coerced. Therefore it was not an adverse employment action. SeeStevenson v. Cuyahoga Cty. Community College, Cuyahoga App. No. 81637, 2003-Ohio-2191; Rusnak v. Williams (3d Cir. 2002), 44 Fed. Appx. 555, 558-59.
 {¶ 40} Without proof of an adverse employment decision, Oleksiak cannot make out a prima facie case of employment discrimination. Therefore, in my opinion, the common pleas court properly entered summary judgment for the university on each of Oleksiak's claims.